## WAGNER v CECERE

Ohio Appeals, 1st Dist, Butler Co

No 768. Decided May 22, 1939

Williams, Fitton & Pierce, Hamilton, for appellee.
Edward E. Rice, for appellant.

## OPINION

By HAMILTON, PJ.

Heard on appeal from a judgment of the court of common pleas, affirming a judgment of the Municipal Court of Hamilton.

The plaintiff-appellee. Daniel Wagner, brought an action in the Municipal Court of Hamilton, Ohio, upon a claim for carpenter work performed for defendant Cecere. The amount claimed was $294.90. Cecere was a general contractor upon a house repair job for one Anna Harlow. A cause of action was added for the purpose of foreclosing a mechanic's lien on said premises and Anna Harlow was made a party defendant. She interpleaded want of knowledge and paid the amount into court to be distributed as the court might order.

Cecere answered denying that he owed Wagner $294.90, but admitted that he did owe him $128 65 for carpenter work and tendered that sum into court. He further alleged as a defense (designated a set-off or counterclaim) that at the time he contracted with Harlow for the repair job he entered into a contract with plaintiff whereby he, Cecere was to do some concrete work for plaintiff on his premises to the estimated value of $166.25. That in payment for said concrete work, Wagner would do carpenter work for Cecere on the Harlow job to the equal value of $166.25; that pursuant to said agreement, Wagner began work for Cecere and performed work to the value of $166.25. Cecere was not finished with the carpenter work and permitted Wagner to work on until he had earned the sum of $128.65 in addition to the $166.25, and tendered payment of the sum of $128.65, which Wagner refused to accept, demanding the entire sum of $294.90. although under the express terms of their contract $166.25 was to be paid in concrete work and not in cash.

Cecere further alleges that he has been ready and willing at all times to perform and complete the concrete work for Wagner and would have done so already, except for the fact that said work was postponed by Wagner, the plaintiff herein, himself.

To this answer, plaintiff replied denying generally all the allegations of the answer relating to the claims under the alleged contract.

At the trial after the statement of the case by counsel, counsel for plaintiff moved for judgment on the pleadings for the full amount claimed. The court granted said motion and so rendered judgment. From that judgment, defendant Cecere appealed to the court of common pleas, which court affirmed the judgment of the Municipal Court. Cecere appeals from that judgment of affirmance to this court.

There were other parties defendant with other issues, which are not present for consideration in this appeal.

The question for consideration here amounts to this: Does Cecere's answer set up any defense to plaintiff's claim, which presents an issuable fact? If so, the trial court erred in rendering judgment for plaintiff on the pleadings, which included the involved sum of $166.25.

Certainly, it cannot be questioned that a contract for the exchange of work is valid. Cecere's promise to perform concrete work for Wagner, for which Wagner agreed to perform carpenter work for Cecere was a promise for a promise, which is always held to be good and sufficient in law to support a contract. Further, the promises are mutually dependent and do not constitute two independent contracts. Wagner performed and under the allegation Cecese stood ready to perform, but was prevented by Wagner. This may or may not be true, but must be taken

as true in rendering judgment on the pleadings. The reply denies these facts, thus putting them in issue to be tried out. If it should appear upon trial that the contract was as alleged in the answer of Cecere, then plaintiff's action on the claim for $166.25 was premature, and would not ripen into a valid claim until Cecere was given an opportunity to perform and did not so perform within a reasonable time.

Under these considerations, we conclude that the trial court erred in including in the judgment for plaintiff the said sum of $166.25 in rendering judgment on the pleadings, and as to that, the judgment is reversed and the cause remanded to the Municipal Court of Hamilton, with instructions to try the issue made on the contract between Wagner and Cecere, s alleged in the answer, and denied in the reply, according to law.

The judgment of the Municipal Court in so far as indicated herein, and that of the common pleas court, affirming that judgment, are hereby reversed and the cause remanded through the common pleas court to the Municipal court for further proceedings in accordance with this opinion.

MATTHEWS & ROSS, JJ, concur.